Meyer, J.
(dissenting). I would reverse and reinstate the order of Special Term which denied summary judgment to plaintiff based in part on. the fact that “plaintiff has not yet deposed the defendant.”
Plaintiff, a physician,. seeks to recover from defendant, drug manufacturer, for failure adequately to warn concerning the effects of the drug Cleocin. The Appellate Division reversing, granted summary judgment to defendant and held the warning contained in the package insert and in the Physician’s Desk Reference adequate as a matter of law.
Plaintiff’s infection developed in 1974 following administration of Cleocin to himself. Whether his doing so in the face of the warning printed in the insert and the desk reference and in view of his medical knowledge constituted contributory negligence or assumption of the risk presents a jury question' and furnishes no basis for summary judgment. Nor should plaintiff have been nonsuited on the adequacy of warning issue. Doing so deprived him of. his right to explore via pretrial discovery the facts known to defendant in 1974 as a basis for determining adequacy of the warning.
How fruitful such.discovery can be is, quite fortuitously, available in the record of a nearly identical case, Werner v Upjohn Co. (628 F2d 848). Comparison of defendant’s 1974 warning in the record of the present case with that in its 1974 “Dear Doctor” letter for the same drug set forth in the opinion in Werner shows the latter to be more detailed. Moreover, the history of the drug recounted in that opinion shows that disclosure may well provide plaintiff with evidence sufficient to take to the jury the question of *771 adequacy of the warning relied upon by defendant in this case.
Plaintiff should not have been no-caused without an opportunity to obtain defendant’s records relating to its knowledge about and experience with the drug (CPLR 3212, subd [f]).
Order affirmed, etc.